# STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
## SUPREME COURT
## DOCKET EVENT LISTING

### CASE INFORMATION

Case Title: WILLIAM WILLIS V A.T. WALL ET AL  Case ID No: SU-06-0028

Appeal Date: 03-FEB-2006
Appeal Type: CIVIL APPEAL  Next Scheduled:
Current Status: SHOW CAUSE CLOSED  Event Type:

Lower Court No: PM-2003-3253  Related Cases:

### PARTY INFORMATION

| | | | |
|---|---|---|---|
| WILLIS, WILLIAM | PLTF | MCCORMICK, JAMES | AOR |
| WALL, A | DEFT | MCCORMICK, JAMES | CRT |
| WALL, A | DEFT | WEISMAN, AARON | AOR |
| WALL, A | DEFT | BUSH, CHRISTOPHER | AOR |
| WALL, A | DEFT | MONTECALVO, CRAIG | AOR |
| LYNCH, PATRICK | DEFT | WEISMAN, AARON | AOR |

### DOCKET INFORMATION

| Date | Description | Text |
|---|---|---|
| 03-FEB-2006 | PAPERS/TRANS/EXHIBITS FILED | |
| 03-FEB-2006 | RULE 12 PRE BRIEF NOTICE SENT | |
| 03-FEB-2006 | MOTION TO APPOINT ATTORNEY | |
| 08-FEB-2006 | TRANSCRIPT WITHDRAWN | |
| 10-FEB-2006 | TRANSCRIPT RETURNED | |
| 16-FEB-2006 | MOTION TO APPOINT ATTORNEY | ATT. JUDITH CROWELL |
| 16-FEB-2006 | GRANTED | |
| 03-MAR-2006 | TRANSCRIPT WITHDRAWN | |
| 29-MAR-2006 | TRANSCRIPT RETURNED | |
| 29-MAR-2006 | MOTION TO WITHDRAW<br>Affiliated Party: CROWELL, JUDITH | |
| 03-APR-2006 | LETTER FILED<br>Affiliated Party: WILLIS, WILLIAM | |
| 14-APR-2006 | ORDER MOTION TO W/DRAW APPEAR | JAMES MCCORMICK IS APPOINTED, NO FURTHER MOTIONS FOR APPOINTMENT WILL BE CONSIDERED. |
| 14-APR-2006 | GRANTED | |
| 14-APR-2006 | MOTION TO APPOINT ATTORNEY | |
| 24-APR-2006 | MOTION FOR COUNSEL FEES FILED | |
| 19-MAY-2006 | MOTION FOR COUNSEL FEES FILED | |
| 19-MAY-2006 | GRANTED | JUDITH CROWELL AWARDED FEE OF $ 832.00 FOR HER SERVICES . |
| 14-JUL-2006 | TRANSCRIPT WITHDRAWN<br>Affiliated Party: MCCORMICK, JAMES T.<br>TRANSCRIPT RETURNED | 1 volume |

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPREME COURT
DOCKET EVENT LISTING

Case Title: WILLIAM WILLIS V A.T. WALL ET AL Case ID No: SU-06-0028

DOCKET INFORMATION

| | | |
|---|---|---|
| 17-JUL-2006 | | |
| 24-JAN-2007 | LETTER FILED | |
| 27-FEB-2007 | PLTF APPELLANT PRE BRIEF FILED<br>Affiliated Party: WILLIS, WILLIAM | |
| 15-MAR-2007 | MOTION EXTENSION OF TIME<br>Affiliated Party: BUSH, CHRISTOPHER R. | UNTIL 4/13/07 |
| 15-MAR-2007 | GRANTED | |
| 16-MAR-2007 | LETTER FILED<br>Affiliated Party: WILLIS, WILLIAM | |
| 13-APR-2007 | MOTION EXTENSION OF TIME<br>Affiliated Party: WALL, A T DIRECTOR | RE: FILING OF PREBRIEF |
| 13-APR-2007 | GRANTED | UNTIL 5/14/07 |
| 17-APR-2007 | LETTER FILED<br>Affiliated Party: WILLIS, WILLIAM | |
| 03-MAY-2007 | TRANSCRIPT WITHDRAWN<br>Affiliated Party: WEISMAN, AARON L | |
| 14-MAY-2007 | MOTION EXTENSION OF TIME<br>Affiliated Party: WALL, A T DIRECTOR | RE FILING OF PREBRIEF |
| 14-MAY-2007 | GRANTED | UNTIL 5/15/07 |
| 15-MAY-2007 | ENTRY OF APPEARANCE<br>Affiliated Party: WEISMAN, AARON L | |
| 15-MAY-2007 | APPELLEE PRE BRIEF FILED<br>Affiliated Party: WEISMAN, AARON L | |
| 15-MAY-2007 | TRANSCRIPT RETURNED<br>Affiliated Party: WEISMAN, AARON L | |
| 29-MAY-2007 | CASE OUT IN PART OR WHOLE | |
| 09-JUL-2007 | LETTER FILED<br>Affiliated Party: WILLIS, WILLIAM | |
| 11-SEP-2007 | CASE RETURNED IN PART OR WHOLE | |
| 18-SEP-2007 | PRE BRIEFING CONF HELD | |
| 18-SEP-2007 | ORDER TO SHOW CAUSE ENTERED | |
| 15-NOV-2007 | CASE OUT IN PART OR WHOLE | |
| 06-DEC-2007 | HEARD ON SHOW CAUSE ORDER | JAMES MCCORMICK FOR PLTF<br>AARON L. WEISMAN FOR DEFT |
| 06-DEC-2007 | HEARD ON SHOW CAUSE ORDER | |
| 11-DEC-2007 | CASE OUT IN PART OR WHOLE | |
| 01-FEB-2008 | CASE RETURNED IN PART OR WHOLE | |
| 04-FEB-2008 | OPINION JUDGE AFFIRMED ASC | |
| 04-FEB-2008 | SINGLE AUTHOR DECISION FILED | |
| 22-FEB-2008 | MOTION FOR COUNSEL FEES FILED<br>Affiliated Party: MCCORMICK, JAMES T. | |
| 27-MAR-2008 | ORDER ENTERED | ATTNY JAMES T MCCORMICK IS AWARDED A FEE OF $1,050.00 FOR HIS SERVICES |

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPREME COURT
DOCKET EVENT LISTING

Case Title: WILLIAM WILLIS V A.T. WALL ET AL

Case ID No: SU-06-0028

DOCKET INFORMATION

27-MAR-2008 GRANTED

McKenna & McCormick
Attorneys at Law
SUITE 330 SHAKESPEARE HALL
128 DORRANCE STREET
PROVIDENCE, RHODE ISLAND 02903-2814

E-Mail: mclaw@choiceonemail.com

JAMES J. McKENNA
JAMES T. McCORMICK

TELEPHONE (401) 831-2970
FAX (401) 751-1797

June 5, 2008

Mr. William Willis (#147722)
FB-28-Bottom
Bristol County Sheriff's
400 Faunce Corner Road
North Dartmouth, MA 02747

**Re: State of Rhode Island**
**Vs: William Willis**

Dear Willis:

I have received your recent correspondence from the Bristol County Sheriff's facility. I tried to contact you at the ACI but they indicated you had left. I was not able to locate you but assumed you would contact me eventually.

In March 2007 I sent you a copy of Rule 12A Statement I filed in the Supreme Court. The Supreme Court scheduled a hearing on your appeal which was heard on December 6, 2007. In February the Supreme Court issued a decision, a copy of which is enclosed, denying your appeal for reasons indicated therein. I attempted to send this to you but you were not at the ACI.

The Supreme Court denied your appeal because the only issue that was before Judge Clifton when it was remanded from Supreme Court was the question of newly discovered evidence. As your trial attorney at that time was required to concede, the so called newly discovered evidence did not fit the legal requirements for reopening the case because the evidence was known at the time of your plea, and thus was not "newly discovered". Supreme Court said this was the only issue before Judge Clifton, and that he correctly ruled that it was not newly discovered evidence. Supreme Court said that

this was the extent of the issue before Judge Clifton, and that he was not to entertain your claim of ineffective assistance of counsel. Accordingly your appeal has been dismissed and this matter is concluded.

I hope this explanation clarifies matters for you. If you have any further questions please feel free to contact me.

Very truly yours,

James T. McCormick

JTM/tec

Enclosures

# Superior Court of Rhode Island

Joseph F. Rodgers, Jr.
Presiding Justice

*Associate Justices*:
Alice Bridget Gibney
Robert D. Krause
Melanie Wilk Thunberg
Vincent A. Ragosta
Mark A. Pfeiffer
Patricia A. Hurst
Francis J. Darigan, Jr.
Judith Colenback Savage
Michael A. Silverstein
Edward C. Clifton
Netti C. Vogel
O. Rogeriee Thompson
Gilbert V. Indeglia
Stephen P. Nugent
Edwin J. Gale
Susan E. McGuirl
Daniel A. Procaccini
Jeffrey A. Lanphear
Allen P. Rubine
William E. Carnes, Jr.

May 27, 2008

Mr. William Willis
#147722
FB-26-Bottom
Bristol County Sheriff
400 Faunce Corner Rd.
North Dartmouth, Ma. 02747

***Re: William Willis vs. A.T. Wall, Case No. 06-28-A***

Dear Mr. Willis:

I received your May 19, 2008 letter addressed to me. In my reading of your letter you are primarily concerned about your matter which is no longer pending in the Superior Court, but rather is currently pending before the Rhode Island Supreme Court.

As to your second concern, I cannot provide any legal advice to you. Either you will have to hire your own lawyer to do so, or rely upon your own to determine what your rights are.

Very truly yours,

Edward C. Clifton
Associate Justice

ECC/jat

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC. SUPERIOR COURT

WILLIAM WILLIS :
:
VS. : NO.: PM 2003-3253
:
STATE OF RHODE ISLAND :

mnc

ORDER

Petitioner, William Willis, on March 15, 2004, filed *pro se* the following documents with the Clerk of the Superior Court in the above-entitled matter:

1. Affidavit and Request for Transcript;
2. Proposed "Order" granting request for Transcript;
3. Four (4) original witness subpoena's directed to the following individuals, commanding their appearance at a hearing scheduled for May 3, 2004:
   (a) Dianne Malouin,
   (b) Melissa Mastrofine,
   (c) Joseph Seymore, and
   (d) Shirley Seymore.

The above ~~matters~~ requests for will be heard on April 5, 2004, at 9:30 a.m.

ENTER:

Edward C. Clifton
Associate Justice

PER ~~ORDER~~: M.K Rachiele, deputy
Clerk

DATED: March 16, 2004

CERTIFICATION

I hereby certify that I mailed a copy of the within Order postage prepaid to William Willis, P.O. Box 8274, Cranston, RI 02920 and to John McMahon, Assistant Attorney General, Department of the Attorney General, 150 South Main Street, Providence, Rhode Island 02903 on the 16th day of March, 2004.

Linda Lee Salerno

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2004 MAR 16 A 11: 50

OEN

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

PROVIDENCE, SC SUPERIOR COURT

William Willis

Vs PM 2003-3253

Ashbel Wall
State of RI

ORDER

This matter came to be heard on May 3, 2004, after multiple earlier hearings as well, on Dec 1, 2003; Jan 26, 2004; Mar 1, 2004;Apr 5, 2004, before Justice William Clifton, and after consideration of written submissions, argument and colloquy, it is found that:

1. Petitioner has failed to establish due to lack of evidence, that the Court need determine whether or not the level of service by counsel was below the objective standards under Strickland; and furthermore,
2. There was no evidence that the outcome would have been any different.

It is therefore:

ORDERED, DECREED, ADJUDGED

That petitioner's motion for Post-Conviction relief is hereby denied.

M.K. Rachiele
ORDERED

Clifton, J.
ENTERED 6/10/04

Presented by:
John J. McMahon
JJ MCMAHON- AAG

Dated: 6/9/4

Certification

I certify that a copy of this proposed order was mailed this 6/9/4 to William Willis, PO Box 8274, Cranston, RI 02920.

John J. McMahon

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK

2004 JUN 10 P 3:36

McKenna & McCormick
Attorneys at Law
SUITE 330 SHAKESPEARE HALL
128 DORRANCE STREET
PROVIDENCE, RHODE ISLAND 02903-2814

E-Mail: mclaw@choiceonemail.com

JAMES J. McKENNA
JAMES T. McCORMICK

TELEPHONE (401) 831-2970
FAX (401) 751-1797

June 16, 2008

Mr. William Willis (#147722)
FB-28-Bottom
Bristol County Sheriff's
400 Faunce Corner Road
North Dartmouth, MA 02747

**Re: State of Rhode Island**
**Vs: William Willis**

Dear Willis:

With respect to your correspondence of June 13, 2008, please be advised that there is no further legal action that can be taken by you in this case. The Supreme Court ruled that the only issue in the case was whether there was newly discovered evidence, which they remanded to Judge Clifton for a ruling. Judge Clifton ruled there was no newly discovered evidence, the Supreme Court reviewed and found that he was correct. He thus affirmed Judge Clifton's ruling and that the only issue he was to consider was whether there was newly discovered evidence, which he found that there was none.

After the Supreme Court made this ruling it remanded the case back to Superior Court, which is the usual practice. This does not mean that there are further proceedings to be taken to Superior Court, as in this case there are none pending. Sometimes the Superior Court may schedule a hearing to advise a Defendant of the Supreme Court decision, but that has not been done in your case and I do not know if it will be done. Therefore, at the present time there is no further action that can be taken on your case in Rhode Island State courts. As there has been a final ruling of the Rhode Island Supreme Court, if you feel there has been a constitution violation you are free to file a Habeas Corpus Petition in Federal Court.

At this time my representation of you has been completed, and I wish your well of your further endeavors.

Very truly yours,

James T. McCormick

JTM/tec

McKenna & McCormick
Attorneys at Law
SUITE 330 SHAKESPEARE HALL
128 DORRANCE STREET
PROVIDENCE, RHODE ISLAND 02903-2814

E-Mail: mclaw@choiceonemail.com

JAMES J. McKENNA
JAMES T. McCORMICK

TELEPHONE (401) 831-2970
FAX (401) 751-1797

March 29, 2007

Mr. William Willis (#94908)
P. O. Box 8274 EL-37
Cranston, RI 02920

**Re: State of Rhode Island**
**Vs: William Willis**

Dear Mr. Willis:

Enclosed is a copy of the Rule 12A Statement I filed with the Supreme Court last month. I sent you a copy, but your recent correspondence suggests you may not have received it. Please call or write my office and confirm that you have received a copy of this statement.

Thank you very much.

Very truly yours,

James T. McCormick

JTM/tec
Enclosures

February 4, 2008

**Supreme Court**

No. 2006-28-Appeal.
(PM 03-3253)

| | |
|---|---|
| William Willis | : |
| v. | : |
| A.T. Wall et al. | : |

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

February 4, 2008

Supreme Court

No. 2006-28-Appeal.
(PM 03-3253)

William Willis :

v. :

A.T. Wall et al. :

Present: Williams, C.J., Goldberg, Flaherty, Suttell, and Robinson, JJ.

# OPINION

**Justice Suttell, for the Court.** The applicant, William Willis, appeals from the Superior Court's denial of his application for postconviction relief. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be decided summarily. After reviewing the record and considering the memoranda and arguments of the parties, we conclude that this case may be decided without the necessity of further briefing or argument. We affirm the order of the Superior Court.

## Facts and Procedural History

On October 30, 2002, Mr. Willis pled nolo contendere to two counts of second-degree child molestation and was sentenced to an aggregate of twenty years in prison, twelve of which were suspended, with probation.

On June 17, 2003, Mr. Willis filed a pro se application for postconviction relief alleging ineffective assistance of counsel, and a motion for appointment of counsel. Attorney Kenneth Vale was appointed as counsel for Mr. Willis. After reviewing the case, however, Mr. Vale moved to withdraw, explaining that he found "the issues raised

in defendant's petition for post conviction relief to be wholly frivolous, without merit, and neither supported by existing law, nor by a good faith argument for the extension, modification, or reversal of existing law." To support his motion to withdraw, Mr. Vale filed a sixty-seven page "no-merit" memorandum in accordance with the requirements set forth by this Court in Shatney v. State, 755 A.2d 130 (R.I. 2000).

The hearing justice granted Mr. Vale's motion to withdraw, and Mr. Willis was allowed to proceed pro se.[1] After a hearing on multiple dates, the hearing justice denied the application on the ground that Mr. Willis failed to present sufficient evidence to demonstrate that his counsel's level of service was objectively unreasonable. An order to that effect was entered on June 10, 2004.

From that point on, as the hearing justice later noted, Mr. Willis's case became "rife with a procedural quagmire." Although a note in the Superior Court file indicates that the hearing justice informed Mr. Willis of his right to appeal, the record is devoid of any notice of appeal. Nevertheless, on January 13, 2005, Mr. Willis filed a motion in the Supreme Court for appointment of counsel to "represent [my] interests in this appeal from denial of Post Conviction Relief." We granted the motion and appointed Attorney Judith Crowell to represent the applicant with respect to his "appeal." Ms. Crowell assessed the viability of a petition for certiorari in an attempt to cure Mr. Willis's failure to file a timely notice of appeal, but she found "no basis in law or in fact for such an argument." Concluding that Mr. Willis had "no arguably meritorious appellate issues" and that the reinstatement of his "appellate rights would be an exercise in futility," Ms. Crowell moved to withdraw as court-appointed counsel. This Court granted the motion

---

[1] The applicant proceeded pro se, but later attempted to secure another appointed attorney, which request the hearing justice denied.

on August 19, 2005, "without prejudice, however, to Willis' filing pro se a petition for a common law writ of certiorari to review the Superior Court's denial of his application for postconviction relief." In the meantime, on April 8, 2005, applicant, through Ms. Crowell, moved to remand the case "to the Superior Court in the interests of justice, for the reason that defendant-appellant seeks to present to the trial court newly discovered evidence in support of his petition for postconviction relief." We granted the motion on April 21, 2005, stating, "The defendant's motion to remand this case to the Superior Court in order that defendant may seek to present newly-discovered evidence in support of his postconviction application, as prayed, is granted. Following hearing on defendant's request, the case shall be returned to this Court forthwith."

On remand, Mr. Willis sought the appointment of counsel to represent him in the Superior Court, and Ms. Crowell was again appointed. A hearing was held on November 29 and December 6, 2005, at which Mr. Willis and one of his neighbors testified. Mr. Willis also submitted medical records indicating that he underwent a vasectomy shortly before the alleged molestation.

At the end of the hearing, Mr. Willis conceded that the evidence presented to the Superior Court was known to him at the time of his trial, and thus it did not meet the legal standard for newly discovered evidence set forth in State v. Hazard, 797 A.2d 448, 463-64 (R.I. 2002).[2] He argued, however, that he should be allowed to raise the issue of

---

[2] As State v. Hazard, 797 A.2d 448 (R.I. 2002) instructs:

> "'When a motion for a new trial is based on newly discovered evidence, that evidence must satisfy a two-pronged test.' * * * The first part is a four-prong inquiry that requires that the evidence be (1) newly discovered since trial, (2) not discoverable prior to trial with the exercise of due diligence, (3) not merely cumulative or

ineffective assistance of his trial attorneys. Specifically, he contended that his trial counsels' failure to procure and present the testimony of his neighbor and the medical records was relevant to his entry of a nolo contendere plea.

The hearing justice rejected applicant's entreaties that he be permitted to press a claim of ineffective assistance of counsel. The hearing justice explained that the Supreme Court had remanded the case to the Superior Court for the sole purpose of assessing newly discovered evidence, and he also noted that Mr. Willis had not submitted a motion to expand or amend his postconviction-relief application. The hearing justice declined to expand the scope of the inquiry beyond the Supreme Court's limited remand. He then ruled that the evidence was not newly discovered and he ordered the papers transferred back to the Supreme Court. On December 9, 2005, Mr. Willis filed a notice of appeal.

Mr. Willis then moved in the Supreme Court for the appointment of Ms. Crowell as appellate counsel for his postconviction-relief appeal, which we granted on February 16, 2006.[3] On March 29, 2006, however, attorney Crowell again moved to withdraw "for the reason that there exists an irreconcilable conflict" between herself and Mr. Willis. Mr. Willis moved for the appointment of new counsel, which we granted and allowed

> impeaching but rather material to the issue upon which it is admissible, (4) of the type which would probably change the verdict at trial. * * * Once this first prong is satisfied, the second prong calls for the hearing justice to determine if the evidence presented is 'credible enough to warrant a new trial.'" Id. at 463-64 (quoting State v. L'Heureux, 787 A.2d 1202, 1207-08 (R.I. 2002)).

[3] The Rhode Island Office of the Public Defender declined to represent Mr. Willis in his appeal because the office represented him at the trial level, and since he alleged ineffective assistance of counsel in his postconviction-relief application, the office would have had an irreconcilable conflict of interest with respect to the appeal.

Ms. Crowell to withdraw. We noted, however, that "[n]o further motions for appointment of counsel will be entertained by the Court in this matter."

Before this Court, Mr. Willis concedes that the evidence he presented does not meet the legal standard for newly discovered evidence set forth in Hazard, 797 A.2d at 463-64, and that his express waiver precludes appellate review of the issue by this Court. Instead, he frames the question presented as whether the Superior Court had the authority to consider his request to reopen his postconviction application. Mr. Willis argues that the Superior Court should have reopened the case to consider the effect of the newly proffered evidence on his claim of ineffective assistance of counsel. He contends that the Superior Court was never divested of jurisdiction after it issued its first denial of his postconviction-relief application on May 3, 2004. Because the Superior Court never entered a final judgment as required by Rule 58 of the Superior Court Rules of Civil Procedure and because he never appealed the denial of his original postconviction-relief application, Mr. Willis asserts that the Superior Court had authority to reopen the case to examine his ineffective assistance of counsel claim after the Supreme Court remanded the case for the limited purpose of assessing newly discovered evidence.

**Discussion**

In the Superior Court, as well as in this Court, Mr. Willis has conceded that the evidence presented after remand does not meet the legal standard for newly discovered evidence. Thus, the only issue we now consider is the hearing justice's determination not to expand this Court's remand order so as to consider Mr. Willis's claim of ineffective assistance of counsel.

As we have observed, "the opinions of this Court speak forthrightly and not by suggestion or innuendo." Fracassa v. Doris, 876 A.2d 506, 509 (R.I. 2005). "[I]t is not the role of a trial justice to attempt to read 'between the lines' of our decisions." Id. Our cases make clear that the lower courts and administrative bodies that receive our remand orders may not exceed the scope of the remand or open up the proceeding to legal issues beyond the remand. See Lemek v. Washington Oaks, Inc., 524 A.2d 597, 598 (R.I. 1987); Valley Gas Co. v. Burke, 415 A.2d 165, 165 (R.I. 1980) (mem.); Wood v. Picillo, 431 A.2d 432, 432 (R.I. 1981) (mem.); State v. Clark, 118 R.I. 907, 907, 374 A.2d 552, 552 (1977) (mem.).

In this case, the only issue pending before the Superior Court was by virtue of our remand order. Mr. Willis's original application for postconviction relief had been denied but not appealed. Notwithstanding this seemingly insurmountable procedural barrier, counsel was appointed; that counsel assessed and rejected the viability of filing a petition for writ of certiorari. Nevertheless, we granted Mr. Willis's motion to remand so he could seek to present newly discovered evidence. Conceding, however, that his proffered evidence does not qualify as newly discovered, he has, in effect, waived the issue, precluding appellate review. Plainly stated, the hearing justice appropriately limited the inquiry on remand to the issue of newly discovered evidence. Accordingly, he did not commit error by refusing to entertain Mr. Willis's ineffective assistance of counsel claim.

**Conclusion**

For the reasons stated in this opinion, we affirm the order and remand the papers to the Superior Court.

STATE OF RHODE ISLAND SUPREME COURT

WILLIAM WILLIS

VS. NO. 06-28-A

STATE OF RHODE ISLAND

**PETITIONER/APPELLANT WILLIAM WILLIS**
**RULE 12A STATEMENT**

William Willis was charged in P1-2001-3190 with several counts of first degree and second degree child molestation. On October 30, 2002 he pleaded nolo to two (2) counts of second degree child molestation and received a sentence of twenty (20) years with eight (8) years to serve and twelve (12) years suspended.

On June 17, 2003 Mr. Willis filed a *pro se* application for post-conviction relief. Attorney Kenneth Vale was appointed by the court to represent Mr. Willis, but was allowed to withdraw on November 18, 2003 after filing a *Shatney* memorandum of no merit. Mr. Willis thereafter represented himself *pro se* on his post-conviction petition culminating in an evidentiary hearing on May 3, 2004. Mr. Willis claimed, among other things, that his attorneys Christine O'Connell, and later Damon D'Ambrosio were ineffective in failing to investigate exculpatory evidence from witness Melissa Mastrofine who claimed that Willis was not alone with the victim but was with her on the date of the alleged crime, and also medical records indicating Mr. Willis had a vasectomy shortly before the date of the alleged crime and thus could not have been likely to have desired any sexual activity on that date. On the date of the Evidentiary Hearing, however, Mr. Willis

did not obtain the attendance of the allegedly ineffective attorneys, O'Connell and D'Ambrosio, and refused to testify himself, resulting in the trial judge's denial of the post-conviction application for lack of evidence. No transcript was ordered for the hearing on May 3, 2004 but the judge's ruling was noted on the clerk's note and on the order submitted by the attorney general on June 9, 2004 denying post-conviction petition.

There is no record in the superior court file PM-2003-3253 of a notice of appeal having been filed. The petitioner filed a motion for transcripts on July 12, 2004, after which there was no activity in the superior court file until Mr. Willis' motion to appoint an attorney was filed on May 13, 2005. Shortly thereafter Attorney Judith Crowell was appointed by the Supreme Court (as discussed later in this statement), who handled the case until its disposition on December 6, 2005, after which a notice of appeal to the Supreme Court was filed on December 9, 2005.

Attorney Crowell filed a petition to reopen the petitioner's application for post-conviction relief on the grounds of newly discovered evidence, namely, the testimony of Melissa Mastrofine and medical records concerning Mr. Willis' vasectomy as referenced above.

At this hearing Melissa Mastrofine was called as a witness and testified that in March 2001 when she was nearly fifteen (15) years old she knew William Willis and his family as they were neighbors (TR4). She went to his house every day because her mother would not let her into her own home when the mother was at work (TR5). She remembered a particular day in March 2001 when a Mary Flynn came to the Willis home with her daughter, after which Mary then left with Willis'

Pawtucket having his vasectomy and she was at his house babysitting his daughter (TR17).

Petitioner William Willis also testified at this hearing. He said his attorneys were first Christine O'Connell, then Damon D'Ambrosio (TR34-35). He mentioned Melissa Mastrofine to Christine O'Connell just about every time he saw her and asked her to get in touch with Mastrofine (TR35). He also had conversations with Mr. D'Ambrosio regarding Melissa Mastrofine, at least five or ten such conversations (TR37). He testified that after he was charged in this case he was held in prison and that his ability to contact Ms. Mastrofine was limited by that (TR38).

Mr. Willis also spoke with Attorney O'Connell about him having a vasectomy shortly before the alleged incident (TR39). He also informed Mr. D'Ambrosio about the vasectomy and signed a Medical Authorization for release of his records (TR40). He had his vasectomy on the 27th or 28th of February, 2001, which was not the day before the date he the alleged incident was to have occurred March 6, 2001 (TR49).

After Mr. Willis' testimony Attorney Crowell offered into evidence, without objection, medical records from Dr. Wong pertaining to the vasectomy he performed on Mr. Willis. The case was continued to allow Attorney Crowell to consult with Dr. Wong to determine if his testimony would be presented. On the next hearing date, December 6, 2005 Attorney Crowell declined to present Dr. Wong and both sides rested. Ms. Crowell noted that "Supreme Court remanded the case to this court for the limited purpose of considering the question of whether there was newly discovered evidence" (TR60), although conceded, correctly so,

that the evidence presented at the hearing did not meet "the strict criteria" for newly discovered evidence as set forth in State v. Hazard (TR61). She noted that Mr. Willis was aware of Ms. Mastrofine and what she would testified to and was also aware of what Dr. Wong's records were, and that he had also made his lawyers aware of Ms. Mastrofine as well as the vasectomy records (TR 61-62). However, Ms. Crowell did preface her argument with a request that the court allow Mr. Willis a hearing on the question of ineffective assistance of counsel (TR 61). The court noted that and Attorney Crowell agreed that Mr. Willis' *pro-se* petition had argued ineffective assistance of counsel, that it went to hearing and Mr. Willis represented himself and Mr. Willis did not present any witnesses, after which the court denied his petition (TR 62-63). She also noted that there apparently had been an appeal to the supreme court because, although the Supreme Court never received Notice of Appeal it did appoint her to represent Mr. Willis (TR 63).

The Superior Court then asked "So, the issue before the Supreme Court on appeal on whether or not this court erred in denying the post-conviction relief application as submitted by Mr. Willis, correct" is that a fair conclusion? To which Ms. Crowell agreed (TR 64). The court then likewise elicited from Ms. Crowell that the Supreme Court then remanded the matter back to Superior Court for the limited purpose of determining whether there was newly discovery evidence, which Ms. Crowell conceded there was not (TR64). However, Ms. Crowell asked the court that the hearing be reopened on the issue of ineffective assistance of counsel in light of the issues raised by Ms. Mastrofine's testimony which was "akin to an alibi defense" (TR 65-66). She compared the request to a request for a successive post-conviction petition to determine whether prior counsels' failure to present the testimony of Ms. Mastrofine and the records of Dr. Wong constitutes ineffective assistance of counsel (TR 66). The court stated

"There has been no motion to do so" to which Ms. Crowell retorted that the issue was raised in her memorandum although there was technically no amended petition for post-conviction relief. The court's response was that it was limited by the scope of the remand order which was for the limited purpose of determining whether or not there was newly discovered evidence (TR 67).

Ultimately, the court ruled that it had been directed by the Supreme Court to consider the issue of the newly discovered evidence, and to do no more, and following that directive, ruled that the proferred evidence was not newly discovered evidence (TR 70-71).

The evidence sought to be admitted as newly discovered evidence clearly does not qualify such, thus Mr. Willis has no valid ground to appeal the courts ruling on this issue. His attorney's concession of this obvious fact constitutes an express waiver of the issue in the superior court, thus precluding appellate review. Accordingly, Mr. Willis appeal of the court's ruling on this issue must be dismissed. However, a more complicated issue arises as to Mr. Willis request to have the Court reopen the case to consider the effect of the proferred evidence on the issue of whether former counsel was ineffective in not developing this evidence and whether this ineffectiveness tainted his nolo plea. The procedural posture of this case is unusual ("A procedural quagmire") (TR67). Mr. Willis had a post-conviction hearing in the superior court. The court denied his petition. An order to this effect was submitted by the attorney general and signed and entered into the record. However, no judgment form was ever entered as required by Rule 58 of the Rules of Civil Procedure, which are applicable in post-conviction proceedings. (R.I.G.L. 10-9.1-7 states in part "All rules and statutes applicable in civil proceeding shall apply except that pre trial discovery proceeding shall be available

only upon order of the court."; R.I.G.L. 10-9.1-9 states "A final judgment entered in a proceeding brought under this chapter shall be appealable to the Supreme Court in the same manner and subject to the same requirements as a final judgment in a civil action.") Because there was no final judgment, Mr. Willis was not required to file an appeal of the Superior Court's initial denial of his post-conviction petition on May 3, 2004 and in fact filed no such appeal, although this case was docketed in the supreme court sometime prior to February 10, 2005 under C.A. No. 05-17A.

The Supreme Court in communication to Attorney Crowell, has acknowledged that Mr. Willis never appealed the original denial of his post-conviction petition. The significance of the absence of a final judgment and the petitioner's failure to appeal is that the Superior Court was never divested of its jurisdiction to reconsider its denial of Mr. Willis post-conviction petition. Thus, when Attorney Crowell argued to reopen the case on December 6, 2005 the Superior Court had the authority to do so because it had never been divested of jurisdiction after it issued its first denial of defendant's post-conviction application on May 3, 2004.

The Superior Court felt that it was limited by the Supreme Court remand order of April 21, 2005, and therefore could not consider any issues other than question of newly discovered evidence. This Order granting defendant's motion to remand does not purport to restrict the Superior Court or deprive it of jurisdiction it would otherwise have to consider issues other than newly discovered evidence. This finding would be implicit from the Supreme Court's later order of August 19, 2005: "the motion of Attorney Judith Crowell to withdraw as counsel for William Willis is granted, without prejudice, however to Willis filing *pro se* a petition for a

common law writ of certatori to review the superior court's denial of his application for post-conviction relief." This order confirmed what was already clear-that Willis had nothing pending in Supreme Court at the time the Superior Court heard Attorney Crowell's argument in November and December 2005.

Because the Superior Court judge did have authority to consider issues beyond the issue of newly discovered evidence, its declination to do so is reviewable *de novo*. The issue before this Supreme Court is thus whether the Superior Court judge had the authority to consider Mr. Willis motion to reopen his post-conviction application, and if so, did the Superior Court err in ruling otherwise. This case should thus be remanded, again, to the Superior Court. If the Superior Court denies the request to reopen, then Mr. Willis should have the right to appeal from the Court's denial of his request to reopen, and the court's denial of his original petition in May 2004. Should the Superior Court grant the petition to reopen then further proceedings would be held in the Superior Court consistent with it's authority, with final judgment to enter thereafter, with the aggrieved party then having the right to appeal the same.

Respectfully submitted,
Appellant/Petitioner, William Willis,
By his Attorney

**James T. McCormick (#2614)**
128 Dorrance Street, Suite 330
Providence, RI 02903-2814
(401) 831-2970
(401) 751-1797 (FAX)

**CERTIFICATION**

I, the undersigned, hereby certify I forwarded a copy of the within to the following attorney on the 26 day of FEB 2007:

Attorney General Patrick Lynch
*Office of the Attorney General*
150 South Main Street
Providence, RI 02903

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PM-2003-3253 WILLIAM WILLIS V A T WALL DIRECTOR

Filing Date: 06-17-2003
Case Status: SUPREME COURT APPEAL

Case Type: POST CONVICTION RELIEF
Status Date: 12-09-2005

Plaintiff: WILLIAM WILLIS
ID: @10236728
Attorney: JUDITH CROWELL

Defendant: PATRICK LYNCH
ID: @10236726
Attorney: ATTORNEY GENERAL

Defendant: A WALL
ID: @10236727
Attorney: ATTORNEY GENERAL
Attorney: CRAIG MONTECALVO

Scheduled Events

| Date | Event | Location | Judge |
|---|---|---|---|

Prior Events

| Date | Event | Location | Judge |
|---|---|---|---|
| 06-16-2005 | MOTION TO APPOINT ATTORNEY | W ZW | CLIFTON |
| | GRANTED | | |
| | COURT TO APPNT PRIVATE COUNSEL — Judith Crowell Appointed | | |
| | APP POST CONVICTION RELIEF — memo due by defense counsel by 7/28/05 as to defendants claim of newly discovered evidence and reconsideration as to re-hearing of defns state, state's memo due 9/8/05 hearing for new evidence 9/21/05. | | |
| 09-21-2005 | APP FOR POST-CONVICTION RELIEF | W CRT3 | CLIFTON |
| | PENDING FURTHER INVESTIGATION | | |
| 10-24-2005 | APP FOR POST-CONVICTION RELIEF | W CRT3 | CLIFTON |
| | STATE NOT READY — SUBPOENA AS TO MELISSA MASTROFINE TO REMAIN IN FULL FORCE AND EFFECT | | |
| 10-24-2005 | EVIDENTIARY HEARING | W CRT3 | CLIFTON |
| | STATE NOT READY | | |
| 11-21-2005 | APP FOR POST-CONVICTION RELIEF | W CRT3 | CLIFTON |
| | CASE NOT REACHED | | |
| 11-21-2005 | EVIDENTIARY HEARING | W CRT3 | CLIFTON |
| | CASE NOT REACHED | | |
| 11-29-2005 | APP FOR POST-CONVICTION RELIEF | W CRT3 | CLIFTON |
| | CONTINUED FOR FURTHER HEARING | | |
| 11-29-2005 | EVIDENTIARY HEARING | W CRT3 | CLIFTON |
| | HEARING PROCEEDS — WITNESSES SWORN, CONT'D TO 12/6/05 | | |
| 12-06-2005 | APP FOR POST-CONVICTION RELIEF | W CRT3 | CLIFTON |
| | DENIED | | |
| 12-06-2005 | EVIDENTIARY HEARING | W CRT3 | CLIFTON |
| | HEARING PROCEEDS & CONCLUDES — COURT DENIES POST-CONVICTION RELIEF AS TO NEWLY DISCOVERED EVICENCE, CASE & PAPERS MAY BE REMANDED TO SUPREME COURT. WILLIAM WILLIS REMANDED TO ACI | | |

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PM-2003-3253 WILLIAM WILLIS V A T WALL DIRECTOR

**Case Jacket**

| Checked Out | Returned | Person | Comments/Text |
|---|---|---|---|
| 01-26-2006 | | SUPREME COURT | |
| Reason: | TRANSFER TO SUPREME COURT | | |

**Docket Entry Information**

| Date | Description | Text |
|---|---|---|
| 03-19-2003 | LETTER FILED | |
| 06-17-2003 | COMPLAINT FILED | |
| 06-17-2003 | APP POST CONVICTION RELIEF | FILE TO CLIFTON J |
| 06-17-2003 | COMPLAINT FILED | |
| 06-27-2003 | DEFENSE ATTY ON THIS CALENDAR | CONT TO 7-11-03 FOR DETERMINATION OF ATTORNEY. PFI. REMANDED TO ACI. JUSTICE: EDWARD CLIFTON |
| 06-27-2003 | DEFENSE ATTY ON THIS CALENDAR | CONVERSION -EVENT HISTORY- JUDGE CLIFTON |
| 07-11-2003 | DEFENSE ATTY ON THIS CALENDAR | CONTINUED FOR DETERMINATION OF ATTORNEY ON 8-1-03. PENDING FURTHER INVESTIGATION. REMANDED TO ACI. |
| 7-11-2003 | DEFENSE ATTY ON THIS CALENDAR | CONVERSION -EVENT HISTORY- |
| 07-22-2003 | DEFENSE ATTY ON THIS CALENDAR | NEXT SCHEDULED DATE 8-1-03. |
| 08-01-2003 | DEFENSE ATTY ON THIS CALENDAR | CONT TO 9-8-03 PENDING FURTHER INVESTIGATION. RICK CORLEY WILL NOT BE ABLE TO BE COURT APPT. LEO MANFRED TO BE COURT APPT ON THIS CASE JUSTICE: EDWARD CLIFTON |
| 08-01-2003 | DEFENSE ATTY ON THIS CALENDAR | CONVERSION -EVENT HISTORY- JUDGE CLIFTON |
| 08-06-2003 | DEFENSE ATTY ON THIS CALENDAR | CONTINUED FOR HEARING FOR DETERMINATION OF ATT ON 9-8-03. |
| 09-05-2003 | DEFENSE ATTY ON THIS CALENDAR | HEARING FOR 9-8-03 |
| 09-08-2003 | DEFENSE ATTY ON THIS CALENDAR | KENNETH VALE APPOINTED JUSTICE: EDWARD CLIFTON |
| 09-08-2003 | ENTRY OF APPEARANCE | FOR PLAINTIFF ENTRY ATTORNEY: KENNETH VALE |
| 09-08-2003 | DEFENSE ATTY ON THIS CALENDAR | CONVERSION -EVENT HISTORY- JUDGE CLIFTON |
| 11-18-2003 | MEMORANDUM FILED | OF DEFENSE COUNSEL OF LAW IN SUPPORT OF MTW AS ATTY OF RECORD****FILED IN 6TH FLOOR VAULT***** |
| 11-18-2003 | MOTION TO WITHDRAW | *******NOT A MTN DAY******* |
| 11-18-2003 | ORDER, MOT TO WTHDRW APPEAR | KENNETH C VALE ESQ IS WITHDRAWING AS COUNSEL FOR DFT JUSTICE: EDWARD CLIFTON |
| 11-18-2003 | GRANTED | |
| 12-01-2003 | APP POST CONVICTION RELIEF | CONT TO 01-26-04 FOR PCR HEARING. OEN. REMANDED ACI |

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PM-2003-3253 WILLIAM WILLIS V A T WALL DIRECTOR

| | | |
|---|---|---|
| | | JUSTICE: EDWARD CLIFTON |
| 12-01-2003 | APP POST CONVICTION RELIEF | CONVERSION -EVENT HISTORY- JUDGE CLIFTON |
| 01-26-2004 | APP POST CONVICTION RELIEF | CONT TO 03-01-04 FO STATES MSJ. PFI. BEFORE JUDGE CLIFTON. REMANDED ACI JUSTICE: EDWARD CLIFTON |
| 01-26-2004 | RESPONSE | OF STATE'S RESPONSE TO PETITIONER'S MTW & MEM |
| 01-26-2004 | APP POST CONVICTION RELIEF | CONVERSION -EVENT HISTORY- JUDGE CLIFTON |
| 02-26-2004 | LETTER FILED | REGARDING SUMMARY REQUEST FILED BY DEFT |
| 03-01-2004 | APP POST CONVICTION RELIEF | EVIDENTIARY HERING CONT TO 5-3-04; DEFT REMANDED TO ACI; STATE REQUESTS 2 WKS TO RESPOND TO DEFTS REQUEST; CT WILL NOT APPT. SUCCESSOR COUNSEL; JUSTICE: EDWARD CLIFTON |
| 03-01-2004 | SEE COMMENTS | DEFT HAS UNTIL 5-1-04 PRECURE HIS WITNESSES; WITNESSES ARE EXPECTED TO BE HERE ON 5-3-04; DEFT TO FILE DMOTION TO REQUEST TRANSCRIPTS JUSTICE: EDWARD CLIFTON |
| 03-01-2004 | MOTION FOR SUMMARY JUDGMENT | CONVERSION -EVENT HISTORY- JUDGE CLIFTON |
| 03-15-2004 | AFFIDAVIT FILED | & REQUEST FOR TRANSCRIPT OF DFT |
| 03-15-2004 | WITNESS SUBPOENA | 4 FILED |
| 03-16-2004 | ORDER ENTERED | ********SEE ORDER FOR DETAILS******* JUSTICE: EDWARD CLIFTON |
| 03-16-2004 | GRANTED | |
| 03-29-2004 | MEMORANDUM FILED | SUPPLEMENTAL BY STATE IN OPPOSITION TO POST CONVICTION RELIEF |
| 04-05-2004 | MOTION TO APPOINT ATTORNEY | OF PLF |
| 04-05-2004 | MEMORANDUM FILED | OF STATE SUPPLEMENTAL IN IPPOSITION TO DFTS MTN FOR POST-CONVICTION REL IEF |
| 04-05-2004 | MOTION | FOR TRANSCIPTS & SUBPOENAS. CONT TO 05-03-04 FOR EVIDENTARY HEARING. RE MANDED ACI JUSTICE: EDWARD CLIFTON |
| 04-05-2004 | DENIED | |
| 04-05-2004 | MOTION | CONVERSION -EVENT HISTORY- JUDGE CLIFTON |
| 05-03-2004 | OTHER DOCUMENT | CONT TO 07-12-04 FOR MTN FOR TRANSCRIPT. REMANDED ACI***SEE BOTTOM OF C LERK NOTE WHY MTNS WERE DENIED & APPLICATION FOR PCR IS DENIED**** JUSTICE: EDWARD CLIFTON |
| 05-03-2004 | OTHER DOCUMENT | CONVERSION -EVENT HISTORY- JUDGE CLIFTON |
| 06-10-2004 | ORDER ENTERED | MTN FOR POST CONVICTION RELIEF JUSTICE: EDWARD CLIFTON |
| 06-10-2004 | DENIED | |

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PM-2003-3253 WILLIAM WILLIS V A T WALL DIRECTOR

| | | |
|---|---|---|
| 07-12-2004 | MOTION | FOR TRANSCRIPTS. REMANDED ACI JUSTICE: EDWARD CLIFTON |
| 07-12-2004 | DENIED | |
| 07-12-2004 | MOTION | CONVERSION -EVENT HISTORY- JUDGE CLIFTON |
| 05-13-2005 | MOTION TO APPOINT ATTORNEY | OF DFT |
| 05-13-2005 | MOTION | TO PROCEED PRO-SE OF DFT |
| 05-13-2005 | PETITION FILED | FOR WRIT OF HABEAS CORPUS AD TESTIFICANDUM OF DFT |
| 05-25-2005 | CASE TRANS WASHINGTON CTY | |
| 05-27-2005 | CASE REC'D FROM PROVIDENCE CTY | |
| 05-27-2005 | LETTER FILED | COPY TO JUDITH CROWELL FROM JUDGE CLIFTON |
| 05-31-2005 | LETTER FILED | FROM JUDITH CROWELL |
| `6-09-2005 | LETTER FILED | TO JUDGE CLIFTON FROM DEFN W/COPY OF LETTER FROM MELISSA MASTROFINE |
| 06-16-2005 | GRANTED | |
| 06-16-2005 | COURT TO APPNT PRIVATE COUNSEL | Judith Crowell Appointed |
| 06-16-2005 | APP POST CONVICTION RELIEF | memo due by defense counsel by 7/28/05 as to defendants claim of newly discovered evidence and reconsideration as to re-hearing of defns state, state's memo due 9/8/05 hearing for new evidence 9/21/05. |
| 06-16-2005 | ENTRY OF APPEARANCE | COURT APPOINTED COUNSEL Affiliated: CROWELL, JUDITH |
| 07-28-2005 | MOTION EXTENSION OF TIME | to file memorandum by Attn Judith Crowell - GRANTED |
| 07-28-2005 | ORD MOTION FOR EXTEN OF TIME | CLIFTON,J. |
| 08-15-2005 | MEMORANDUM FILED | IN SUPPORT OF PETITIONER'S APPLICATION TO REOPEN APPLICATION FOR POSTCONVICTION RELIEF Affiliated: WILLIS, WILLIAM |
| 09-15-2005 | MOTION | DATE PASSED |
| 09-21-2005 | PENDING FURTHER INVESTIGATION | |
| 09-21-2005 | MOTION TO TAKE DEPOSITION | Affiliated: WILLIS, WILLIAM |
| 09-21-2005 | PASSED | |
| 09-26-2005 | OBJECTION FILED | by state to defn's mot to take depostion |
| 09-28-2005 | MEMORANDUM FILED | SUPPLEMENTAL IN SUPPORT OF APPLICATION TO REOPEN APPLICATION FOR POST COV RELIEF Affiliated: WILLIS, WILLIAM |
| 10-24-2005 | STATE NOT READY | |
| 10-24-2005 | STATE NOT READY | SUBPOENA AS TO MELISSA MASTROFINE TO REMAIN IN FULL FORCE AND EFFECT |
| 10-24-2005 | WITNESS SUBPOENA | RETURNED/RETURN OF SERVICE ON MELISSA MASTROFINE |
| 11-21-2005 | CASE NOT REACHED | |
| 11-21-2005 | CASE NOT REACHED | |

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
SUPERIOR COURT
CIVIL DOCKET SHEET

Case ID: PM-2003-3253 WILLIAM WILLIS V A T WALL DIRECTOR

| | | |
|---|---|---|
| 11-29-2005 | HEARING PROCEEDS | WITNESSES SWORN, CONT'D TO 12/6/05 |
| 11-29-2005 | CONTINUED FOR FURTHER HEARING | |
| 11-29-2005 | EXHIBITS FILED IN CASE | 1 ENVELOPE |
| 12-06-2005 | HEARING PROCEEDS & CONCLUDES | COURT DENIES POST-CONVICTION RELIEF AS TO NEWLY DISCOVERED EVICENCE, CASE & PAPERS MAY BE REMANDED TO SUPREME COURT. WILLIAM WILLIS REMANDED TO ACI |
| 12-06-2005 | DENIED | |
| 12-06-2005 | ORDER ENTERED DURING DISCOV | CLIFTON,J----- Affiliated: RHODE ISLAND COURTS |
| 12-09-2005 | NOTICE OF APPEAL SUPREME COURT | PLTF APPEALS DENIAL OF PCR FROM 12-06-05; COPIES SENT TO AORS & SUPREME CT.; TRANSCRIPT WILL BE ORDERED;CLIFTON,J Affiliated: WILLIS, WILLIAM |
| 12-09-2005 | NOTICE OF APPEAL FEE | |
| 12-09-2005 | ORDER ENTERED | CLIFTON,J-----GRANTED----PETITIONERS MOT FOR TRANSCRIPTS AT STATE EXPENSE Affiliated: RHODE ISLAND COURTS |
| 12-12-2005 | Payment Applied | A Payment of -$150.00 was made on receipt SCP216802. |
| 12-14-2005 | CASE TRANSFERRED PROV CTY | ONE FOLDER----ONE ENVELOPE OF EXHIBITS IN CASE---- |
| 12-15-2005 | CASE REC'D FROM WASHINGTON CTY | |
| 01-12-2006 | COMPLETED TRANSCRIPT FILED | |
| 01-24-2006 | ORDER ENTERED | FOR POST CONVICTION RELIEFDENIEDCLIFTON,J |
| 01-26-2006 | CASE CERTIFIED TO SUPREME CT | 1 FOLDER |
| 07-05-2006 | SUBPOENA DUCES TECUM | AS TO JOSEPH SEYMORE |