**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WILLIAM WILLIS** | **:** | |
| | **:** | |
| **v.** | **:** | **C.A. No. 08-253S** |
| | **:** | |
| **SHERIFF THOMAS HODGSON** | **:** | |

**MOTION TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

For the reasons identified in its accompanying memorandum of law, designated party/respondent State of Rhode Island moves to dismiss Petitioner William Willis's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody.

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Christopher R. Bush**

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: July 17, 2008

**CERTIFICATION**

I hereby certify that on July 17, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I caused a copy of this motion to be sent to the following by first-class mail on July 17, 2008:

William Willis
Bristol County Sheriff's Office
400 Faunce Corner Road
North Dartmouth, MA 02747

/s/ Christopher R. Bush

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **WILLIAM WILLIS** | : | |
| | : | |
| **v.** | : | **C.A. No. 08-253S** |
| | : | |
| **SHERIFF THOMAS HODGSON** | : | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION**
**TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS**

## I. INTRODUCTION

Now comes the State of Rhode Island, by and through its attorneys, and moves to dismiss Petitioner William Willis's Petition Under 28 USC § 2254 For A Writ Of Habeas Corpus By A Person In State Custody ("Petition") for two reasons. First, Willis failed to timely file the instant Petition before the expiration of the one-year limitations period contained in 28 U.S.C. § 2244(d)(1). Second, even if Willis had timely filed this Petition, he failed to exhaust his state court remedies with respect to the claims asserted therein.

## II. BACKGROUND

The facts material to the adjudication of this motion would not appear to be in dispute.

On October 17, 2001, a Providence County grand jury indicted Willis on four counts of first degree child molestation and one count of second degree child molestation. See Exhibit 1 at 1-3, 5 (Criminal Docket Sheet Report: P1-2001-3190A). A little more than a year later, on October 30, 2002, Willis pleaded nolo contendere to two amended counts of second degree child molestation.[1] See Petition at 1; Exhibit 1 at 1-2. The Superior Court sentenced Willis to twenty

[1] Willis entered his pleas after the Rhode Island Superior Court (Clifton, J.) denied his motion to suppress both a confession Willis had given police and an apology that Willis wrote to the mother of the child-victim. At the change of plea hearing, the transcript of which the State

years at the Adult Correctional Instructions, eight years to serve, the balance suspended with probation. See Petition at 1; Exhibit 1 at 1-3.

Approximately seven and one-half months later, on June 17, 2003, Willis filed an application for post conviction relief ("PCR application") pursuant to R.I. Gen. Laws § 10-9.1-1 et seq. challenging his conviction. See Petition at 6-12; Exhibit 2 at 2 (Civil Docket Sheet: PM-2003-3253). The Superior Court appointed attorney Kenneth Vale to represent Willis in this proceeding. See Willis v. Wall, 941 A.2d 163, 164 (R.I. 2008) (Exhibit 3). After reviewing Willis's PCR application, however, Vale moved to withdraw from the case because he found "'the issues raised in defendant's petition for post conviction relief to be wholly frivolous, without merit, and neither supported by existing law, or by a good faith argument for the extension, modification, or reversal of existing law.'" Id. In support of this motion, Vale filed a sixty-seven page "no-merit" or "Shatney" memorandum.[2] See App. Ex. 4.

The Superior Court (Clifton, J.) issued an order granting Vale's motion to withdraw on November 18, 2003. See Willis, 941 A.2d at 164; Exhibit 2 at 2. Willis thereafter litigated his PCR application pro se. See Willis, 941 A.2d at 164. On June 10, 2004, after a number of

---

included as Exhibit 3 in its Rule 5 Appendix ("App."), the State advised that, if the case had proceeded to trial, it would have

> presented evidence that somewhere in early March of 2001, . . . the defendant engaged in sexual contact that being digital contact with [the victim's] anal area unclothed and her vaginal area unclothed. [The child victim] being . . . age six at the time, in violation of 11-37 of the Rhode Island General Laws. And, obviously, we would rely on the natural inference that [h]is doing that was for his own sexual gratification. We would have presented the taped confession of the defendant which he indicated that he masturbated at the same time.

See App. Ex. 3 at 188-89. Willis agreed and admitted that the State would have proven these facts beyond a reasonable doubt if the case went to trial. See App. Ex. 3 at 190.

[2] See Shatney v. State, 755 A.2d 130 (R.I. 2000).

hearing dates, the Superior Court entered an order denying Willis's PCR application on its merits. See Exhibit 2 at 3-4; Willis, 941 A.2d at 164.

The Rhode Island courts correctly observed that, from this point forward, Willis's case became "'rife with a procedural quagmire.'" Willis, 941 A.2d at 164. Willis did not notice an appeal of the Superior Court order denying his PCR application—timely or otherwise. See id. He did, however, file a motion in the Supreme Court for appointment of counsel. See id. The Supreme Court granted Willis's motion and appointed Judith Crowell to represent him and to examine whether it would be appropriate to petition the Supreme Court for the issuance of a writ of certiorari to obtain review of the Superior Court's June 10 order. See id. On March 18, 2005, Crowell advised the Supreme Court that, because Willis "had 'no arguably meritorious appellate issues,'" petitioning the court for the issuance of a writ of certiorari (for the reinstatement of Willis's appellate rights) "'would be an exercise in futility.'" Id. at 164-65. Willis did not thereafter petition the court for the issuance of a writ of certiorari, either pro se or through Crowell. See id.

Willis did, however, file a motion in the Supreme Court on April 8, 2005, to remand his case to the Superior Court to present newly discovered evidence in support of his PCR application. See id. at 165. The Supreme Court granted his motion on April 21, 2005, with the following instruction: "'Following hearing on defendant's request, the case shall be returned to this Court forthwith.'" Id.; App. Ex. 5.

The Superior Court held a hearing on Willis's newly discovered evidence claims on November 29 and December 6, 2005. See Willis, 941 A.2d at 165; Exhibit 2 at 1. At the hearing, Willis offered (1) the testimony of a teenaged neighbor and close friend of Willis and his family who claimed that Willis could not have committed the offenses he had pled to because

she was with him on the day in question and did not witness any criminal conduct, and (2) evidence that Willis had a vasectomy shortly before the alleged child molestations took place and was not physically able to commit the crimes. See Willis, 941 A.2d at 165. At the conclusion of the hearing, however, Willis conceded that he knew about this evidence at the time of trial and that it therefore did not meet the standard for newly discovered evidence. See id. Willis nevertheless asked to argue that his trial attorneys were ineffective because they failed to procure and present the neighbor's testimony and Willis's medical records before Willis entered his nolo contendere pleas. See id.

Based on Willis's concession, as well as the evidence adduced at the hearing, the Superior Court held that the evidence that Willis presented was not "newly discovered" and transferred the case to the Supreme Court in accordance with that court's April 21, 2005, Order. See id. In so doing, the Superior Court refused to allow Willis to advance his new ineffective assistance claims because the Supreme Court's order remanding the case did not contemplate consideration of such claims and Willis never moved to expand or amend his original PCR application. See id. Willis filed a notice of appeal on December 9, 2005. See id.; Exhibit 2 at 5.

The Supreme Court denied Willis's appeal on February 4, 2008. See Willis, 941 A.2d at 164-67. Since Willis once again conceded that the neighbor's testimony and vasectomy evidence was not "newly discovered," the only issue that the court addressed was whether the Superior Court erred in not considering Willis's new ineffective assistance of counsel claims. See id. at 166. The Supreme Court held that it did not, noting that "[o]ur cases make clear that the lower courts and administrative bodies that receive our remand orders may not exceed the scope of the remand or open up the proceeding to legal issues beyond the remand." Id. (citing Lemek v. Washington Oaks, Inc., 524 A.2d 597, 598 (R.I. 1987); Valley Gas Co. v. Burke, 415

A.2d 165, 165 (R.I. 1980) (mem.); Wood v. Picillo, 431 A.2d 432, 432 (R.I. 1981) (mem.); State v. Clark, 118 R.I. 907, 907, 374 A.2d 552, 552 (1977) (mem.)).

Willis filed the instant Petition on June 30, 2008. Willis is not currently incarcerated on the Rhode Island child molestation charges, but rather, on information and belief, is incarcerated in Massachusetts while awaiting trial on two unrelated counts of rape of a child.

## III. ARGUMENT

### A. Willis's Petition For Writ Of Habeas Corpus Is Time-Barred Pursuant to 28 U.S.C. § 2244.

The Antiterrorism and Effective Death Penalty Act (AEDPA) contains a one-year statute of limitations for petitions filed under 28 U.S.C. § 2254. See 28 U.S.C. § 2244(d)(1). The limitations period in this case would appear to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

In Rhode Island, a defendant who enters a nolo contendere plea waives his or her right to appeal. See Smith v. Wall, 2007 WL 2206792, at *2 (D.R.I. June 30, 2007) (citing State v. Keohane, 814 A.2d 327, 329 (R.I. 2003)). As such, Willis's conviction became final for purposes of 28 U.S.C. § 2244(d)(1)(A) on October 30, 2002, the date on which he entered his nolo contendere pleas in P1/2001-3190A. See id.; contra Reise v. Wall, 2008 WL 2435514, at *2 (D.R.I. June 16, 2008) (conviction final for purposes of § 2255 twenty days after nolo contendere pleas entered).

According to the certification contained in the Petition, Willis placed the instant petition in the prison mailing system on June 30, 2008. See Petition at 15. Thus, 2,071 days elapsed between the date on which Willis's state court conviction became final (October 30, 2002) and the date on which he filed this Petition (June 30, 2008).

Congress provided for the tolling of the one-year limitations period during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see also Neverson v. Bissonnette, 261 F.3d 120, 124 (1st Cir. 2001). The question in this case, then, is whether the one-year statute of limitations was sufficiently tolled between October 30, 2002, and June 30, 2008.

It was not. There can be no dispute that the statute of limitations ran in this case from October 30, 2002, until June 17, 2003, when Willis filed his PCR application, a total of 231 days. There can also be no dispute that the statute of limitations began to run again on February 4, 2008, when the Rhode Island Supreme Court denied Willis's appeal, and continued to do so until June 30, 2008, a total of 148 days. Thus, even assuming that the statute of limitations was properly tolled between June 17, 2003, the date on which Willis filed his PCR application, and February 4, 2008, the date on which the Rhode Island Supreme Court denied Willis's appeal,[3] a total of 379 days of untolled time elapsed between the date on which Willis's conviction became final and the date on which he filed the instant Petition.

Since Willis did not file the instant Petition within one year of the date on which his conviction became final, this Court should dismiss the Petition as untimely.

---

[3] The State does not concede that the statute of limitations was tolled during this entire time period, particularly since Willis did not seek appellate review of the Superior Court's denial of his PCR application. This Court need not decide this issue for purposes of adjudicating the instant motion, however, since the Petition is untimely even if the statute of limitations had been tolled for that entire period.

**B. This Court Should, In The Alternative, Deny and Dismiss The Instant Petition Because Willis Did Not Exhaust His State Court Remedies.**

To the extent that this Court were to find that Willis timely filed his Petition, this Court should nevertheless deny and dismiss the Petition because Willis did not exhaust his state court remedies with respect to the claims that he now advances.

It is well settled that a district court may not adjudicate a petition for the issuance of a writ of habeas corpus unless and until the petitioner has exhausted his or her state court remedies. *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . ."). "In order to exhaust a claim, the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'" Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000) (internal quotation marks omitted)). A federal habeas petitioner may accomplish this by doing any of the following:

> (1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.

Id. (citing Gagne v. Fair, 835 F.2d 6, 7 (1st Cir. 1987)).

Willis did not exhaust his state court remedies in this case. The Rhode Island Supreme Court never addressed the merits of any of the claims raised in his Petition—either because Willis failed to appeal or seek appellate review of the denial of his PCR application or, with respect to the ineffective assistance of counsel claims relating to the "newly discovered

evidence," Willis failed to properly raise them in the Superior Court.[4] See Willis, 941 A.2d at 164-65. As such, this Court should not adjudicate the instant Petition.

## IV. CONCLUSION

For the reasons identified above,[5] this Court should dismiss Petitioner William Willis's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody.[6]

Respectfully submitted,

**STATE OF RHODE ISLAND**
By its Attorneys,

**PATRICK C. LYNCH**
**ATTORNEY GENERAL**

**/s/ Christopher R. Bush**

**CHRISTOPHER R. BUSH, #5411**
Department of Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400

Date: July 17, 2008

[4] The appropriate procedural vehicle for raising the latter ineffective assistance claims in state court would appear to be for Willis to seek leave of court to file a second application for post conviction relief.

[5] The State reserves the right to challenge the merits of Willis's claims should this Court conclude that he timely filed this Petition and exhausted his state court remedies.

[6] In accordance with Rule 5(c) of the Rules Governing Section 2254 Cases In The United States District Courts, the Department of Attorney General states that it does not possess official transcripts relating to Willis's plea or PCR application. The official transcripts may be on file in state court and may be available upon request; the amount of time it would take to furnish the transcripts would depend on whether the file is located at the state court clerk's office or whether the clerk previously transferred the file to an off-site records center for long-term storage. The State has included an excerpt of a copy of the transcript from Willis's change of plea hearing in its Rule 5 Appendix. See App. Ex. 3.

**CERTIFICATION**

I hereby certify that on July 17, 2008, I filed this document electronically and that it is available for viewing and downloading from the ECF system. I also certify that I caused a copy of the document to be sent to the following by first-class mail on July 17, 2008:

William Willis
Bristol County Sheriff's Office
400 Faunce Corner Road
North Dartmouth, MA 02747

/s/ Christopher R. Bush