Willis v. Wall
R.I.,2008.

Supreme Court of Rhode Island.
William WILLIS
v.
A.T. WALL et al.
**No. 2006-28-Appeal.**

Feb. 4, 2008.

**Background:** Defendant applied for post-conviction relief, alleging ineffective assistance of counsel, with respect to his plea of nolo contendere to two counts of second-degree child molestation. The Superior Court, Providence County, denied the application. Defendant appealed. The Supreme Court granted defendant's motion to remand for presentation of newly-discovered evidence. On remand, the Superior Court, Edward C. Clifton, J., denied relief. Defendant appealed.

**Holding:** The Supreme Court, Suttell, J., held that on remand, the postconviction trial court properly declined to consider defendant's claim of ineffective assistance of counsel.

Affirmed.

West Headnotes

**[1] Courts 106 ⚷107**

106 Courts
106II Establishment, Organization, and Procedure
106II(K) Opinions
106k107 k. Operation and Effect in General. Most Cited Cases

**Criminal Law 110 ⚷1192**

110 Criminal Law
110XXIV Review
110XXIV(U) Determination and Disposition of Cause
110k1192 k. Mandate and Proceedings in Lower Court. Most Cited Cases
The opinions of the Supreme Court speak forthrightly and not by suggestion or innuendo, and it is not the role of a trial justice, on remand from the Supreme Court, to attempt to read "between the lines" of the Supreme Court's decisions.

**[2] Administrative Law and Procedure 15A ⚷820**

15A Administrative Law and Procedure
15AV Judicial Review of Administrative Decisions
15AV(F) Determination
15Ak820 k. Further Administrative Proceedings. Most Cited Cases

**Criminal Law 110 ⚷1192**

110 Criminal Law
110XXIV Review
110XXIV(U) Determination and Disposition of Cause
110k1192 k. Mandate and Proceedings in Lower Court. Most Cited Cases
The lower courts and administrative bodies that receive remand orders from the Supreme Court may not exceed the scope of the remand or open up the proceeding to legal issues beyond the remand.

**[3] Criminal Law 110 ⚷1192**

110 Criminal Law
110XXIV Review
110XXIV(U) Determination and Disposition of Cause
110k1192 k. Mandate and Proceedings in Lower Court. Most Cited Cases

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Postconviction trial court, on remand from Supreme Court, properly declined to consider defendant's claim of ineffective assistance of counsel, with respect to his plea of nolo contendere to two counts of second-degree child molestation; defendant's original application for postconviction relief, alleging ineffective assistance of counsel, had been denied but not appealed, yet counsel had been appointed, appointed counsel had rejected the viability of filing a petition for writ of certiorari, Supreme Court nevertheless had granted defendant's motion to remand so he could present to postconviction trial court newly-discovered evidence regarding his innocence, and remand order was limited to presentation of newly-discovered evidence. U.S.C.A. Const.Amend. 6.

***164** James T. McCormick, Esq., Providence, for Plaintiff.
Aaron L. Weisman, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Justice SUTTELL, for the Court.
The applicant, William Willis, appeals from the Superior Court's denial of his application for postconviction relief. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not be decided summarily. After reviewing the record and considering the memoranda and arguments of the parties, we conclude that this case may be decided without the necessity of further briefing or argument. We affirm the order of the Superior Court.

### Facts and Procedural History

On October 30, 2002, Mr. Willis pled *nolo contendere* to two counts of second-degree child molestation and was sentenced to an aggregate of twenty years in prison, twelve of which were suspended, with probation.

On June 17, 2003, Mr. Willis filed a *pro se* application for postconviction relief alleging ineffective assistance of counsel, and a motion for appointment of counsel. Attorney Kenneth Vale was appointed as counsel for Mr. Willis. After reviewing the case, however, Mr. Vale moved to withdraw, explaining that he found "the issues raised in defendant's petition for post conviction relief to be wholly frivolous, without merit, and neither supported by existing law, nor by a good faith argument for the extension, modification, or reversal of existing law." To support his motion to withdraw, Mr. Vale filed a sixty-seven page "no-merit" memorandum in accordance with the requirements set forth by this Court in *Shatney v. State,* 755 A.2d 130 (R.I.2000).

The hearing justice granted Mr. Vale's motion to withdraw, and Mr. Willis was allowed to proceed *pro se.*[FN1] After a hearing on multiple dates, the hearing justice denied the application on the ground that Mr. Willis failed to present sufficient evidence to demonstrate that his counsel's level of service was objectively unreasonable. An order to that effect was entered on June 10, 2004.

FN1. The applicant proceeded *pro se,* but later attempted to secure another appointed attorney, which request the hearing justice denied.

From that point on, as the hearing justice later noted, Mr. Willis's case became "rife

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

with a procedural quagmire." Although a note in the Superior Court file indicates that the hearing justice informed Mr. Willis of his right to appeal, the record is devoid of any notice of appeal. Nevertheless, on January 13, 2005, Mr. Willis filed a motion in the Supreme Court for appointment of counsel to "represent [my] interests in this appeal from denial of Post Conviction Relief." We granted the motion and appointed Attorney Judith Crowell to represent the applicant with respect to his "appeal." Ms. Crowell assessed the viability of a petition for certiorari in an attempt to cure Mr. Willis's failure to file a timely notice of appeal, but she found "no basis in law or in fact for such an argument." Concluding that Mr. Willis had "no arguably meritorious appellate issues" and that the reinstatement of ***165** his "appellate rights would be an exercise in futility," Ms. Crowell moved to withdraw as court-appointed counsel. This Court granted the motion on August 19, 2005, "without prejudice, however, to Willis' filing *pro se* a petition for a common law writ of certiorari to review the Superior Court's denial of his application for post-conviction relief." In the meantime, on April 8, 2005, applicant, through Ms. Crowell, moved to remand the case "to the Superior Court in the interests of justice, for the reason that defendant-appellant seeks to present to the trial court newly discovered evidence in support of his petition for postconviction relief." We granted the motion on April 21, 2005, stating, "The defendant's motion to remand this case to the Superior Court in order that defendant may seek to present newly-discovered evidence in support of his postconviction application, as prayed, is granted. Following hearing on defendant's request, the case shall be returned to this Court forthwith."

On remand, Mr. Willis sought the appointment of counsel to represent him in the Superior Court, and Ms. Crowell was again appointed. A hearing was held on November 29 and December 6, 2005, at which Mr. Willis and one of his neighbors testified. Mr. Willis also submitted medical records indicating that he underwent a vasectomy shortly before the alleged molestation.

At the end of the hearing, Mr. Willis conceded that the evidence presented to the Superior Court was known to him at the time of his trial, and thus it did not meet the legal standard for newly discovered evidence set forth in *State v. Hazard,* 797 A.2d 448, 463-64 (R.I.2002).[FN2] He argued, however, that he should be allowed to raise the issue of ineffective assistance of his trial attorneys. Specifically, he contended that his trial counsels' failure to procure and present the testimony of his neighbor and the medical records was relevant to his entry of a *nolo contendere* plea.

FN2. As *State v. Hazard,* 797 A.2d 448 (R.I.2002) instructs:

" 'When a motion for a new trial is based on newly discovered evidence, that evidence must satisfy a two-pronged test.' * * * The first part is a four-prong inquiry that requires that the evidence be (1) newly discovered since trial, (2) not discoverable prior to trial with the exercise of due diligence, (3) not merely cumulative or impeaching but rather material to the issue upon which it is admissible, (4) of the type which would probably change the verdict at trial. * * * Once this first prong is satisfied, the second prong calls for the hearing justice to determine if the evidence presented is 'credible

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

> enough to warrant a new trial.' " *Id.* at 463-64 (quoting *State v. L'Heureux,* 787 A.2d 1202, 1207-08 (R.I.2002)).

The hearing justice rejected applicant's entreaties that he be permitted to press a claim of ineffective assistance of counsel. The hearing justice explained that the Supreme Court had remanded the case to the Superior Court for the sole purpose of assessing newly discovered evidence, and he also noted that Mr. Willis had not submitted a motion to expand or amend his post-conviction-relief application. The hearing justice declined to expand the scope of the inquiry beyond the Supreme Court's limited remand. He then ruled that the evidence was not newly discovered and he ordered the papers transferred back to the Supreme Court. On December 9, 2005, Mr. Willis filed a notice of appeal.

Mr. Willis then moved in the Supreme Court for the appointment of Ms. Crowell as appellate counsel for his postconviction-relief appeal, which we granted on February 16, 2006.[FN3] On March 29, 2006, however,***166** attorney Crowell again moved to withdraw "for the reason that there exists an irreconcilable conflict" between herself and Mr. Willis. Mr. Willis moved for the appointment of new counsel, which we granted and allowed Ms. Crowell to withdraw. We noted, however, that "[n]o further motions for appointment of counsel will be entertained by the Court in this matter."

> FN3. The Rhode Island Office of the Public Defender declined to represent Mr. Willis in his appeal because the office represented him at the trial level, and since he alleged ineffective assistance of counsel in his postconviction-relief application, the office would have had an irreconcilable conflict of interest with respect to the appeal.

Before this Court, Mr. Willis concedes that the evidence he presented does not meet the legal standard for newly discovered evidence set forth in *Hazard,* 797 A.2d at 463-64, and that his express waiver precludes appellate review of the issue by this Court. Instead, he frames the question presented as whether the Superior Court had the authority to consider his request to reopen his postconviction application. Mr. Willis argues that the Superior Court should have reopened the case to consider the effect of the newly proffered evidence on his claim of ineffective assistance of counsel. He contends that the Superior Court was never divested of jurisdiction after it issued its first denial of his postconviction-relief application on May 3, 2004. Because the Superior Court never entered a final judgment as required by Rule 58 of the Superior Court Rules of Civil Procedure and because he never appealed the denial of his original postconviction-relief application, Mr. Willis asserts that the Superior Court had authority to reopen the case to examine his ineffective assistance of counsel claim after the Supreme Court remanded the case for the limited purpose of assessing newly discovered evidence.

**Discussion**

In the Superior Court, as well as in this Court, Mr. Willis has conceded that the evidence presented after remand does not meet the legal standard for newly discovered evidence. Thus, the only issue we now consider is the hearing justice's determination not to expand this Court's remand order so as to consider Mr. Willis's claim of ineffective assistance of counsel.

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

[1][2] As we have observed, "the opinions of this Court speak forthrightly and not by suggestion or innuendo." *Fracassa v. Doris,* 876 A.2d 506, 509 (R.I.2005). "[I]t is not the role of a trial justice to attempt to read 'between the lines' of our decisions." *Id.* Our cases make clear that the lower courts and administrative bodies that receive our remand orders may not exceed the scope of the remand or open up the proceeding to legal issues beyond the remand. *See Lemek v. Washington Oaks, Inc.,* 524 A.2d 597, 598 (R.I.1987); *Valley Gas Co. v. Burke,* 415 A.2d 165, 165 (R.I.1980) (*mem.*); *Wood v. Picillo,* 431 A.2d 432, 432 (R.I.1981) (*mem.*); *State v. Clark,* 118 R.I. 907, 907, 374 A.2d 552, 552 (1977) (*mem.*).

[3] In this case, the only issue pending before the Superior Court was by virtue of our remand order. Mr. Willis's original application for postconviction relief had been denied but not appealed. Notwithstanding this seemingly insurmountable procedural barrier, counsel was appointed; that counsel assessed and rejected the viability of filing a petition for writ of certiorari. Nevertheless, we granted Mr. Willis's motion to remand so he could seek to present newly discovered evidence. Conceding, however, that his proffered evidence does not qualify as newly discovered, he has, in effect, waived the issue, precluding appellate review. Plainly stated, the hearing justice appropriately limited***167** the inquiry on remand to the issue of newly discovered evidence. Accordingly, he did not commit error by refusing to entertain Mr. Willis's ineffective assistance of counsel claim.

## Conclusion

For the reasons stated in this opinion, we affirm the order and remand the papers to the Superior Court.

R.I.,2008.
Willis v. Wall
941 A.2d 163

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.