UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WILLIAM WILLIS : | |
| : | |
| v. : | C.A. No. 08-253S |
| : | |
| BRISTOL COUNTY : | |
| SHERIFF'S OFFICE, et al. : | |

## REPORT AND RECOMMENDATION

Lincoln D. Almond, United States Magistrate Judge

      Petitioner, William Willis ("Willis" or "Petitioner"), filed his Petition for Writ of Habeas Corpus on July 2, 2008. (Document No. 1).  Petitioner seeks habeas corpus review of his Rhode Island state court convictions for second-degree child molestation.  Respondent, State of Rhode Island (the "State"), filed a Motion to Dismiss the Petition as unexhausted and time-barred. (Document No. 4).  This matter has been referred to me for preliminary review, findings and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and LR Cv 72.  The Court has determined that no hearing is necessary.  After reviewing the Motion and the Petition, I recommend that the Motion to Dismiss (Document No. 4) be GRANTED and that the Petition (Document No. 1) be DENIED and DISMISSED.

      **Background**

      On October 30, 2002, Petitioner plead nolo contendere to two amended counts of second-degree child molestation.  Document No. 1 at 2.  He was sentenced to twenty years, eight to serve, twelve suspended with probation.  Id.  Petitioner filed a Post Conviction Relief Application in the Rhode Island Superior Court on June 17, 2003, which was denied on the merits in June 2004.  Id. at 3; Document No. 4 at 3.  Apparently, Petitioner then sought appointment of counsel from the

Rhode Island Supreme Court, and his request was granted. Document No. 4 at 5. He did not, however, file a Petition for Writ of Certiorari from the Rhode Island Supreme Court. Instead, he requested that his case be remanded to the Superior Court for presentation of newly-discovered evidence in support of his Post Conviction Relief Application. Id. The Rhode Island Supreme Court granted his request but ordered that following a Superior Court hearing, the case be returned to the Supreme Court. The Superior Court held hearings on Petitioner's request and found that the evidence he presented did not meet the standard for "newly discovered" evidence because Petitioner was aware of it at the time of trial. Id. at 6. Petitioner then attempted to argue that his trial counsel was ineffective but the Superior Court declined to hear argument on that issue since the Supreme Court had issued a narrow remand order. Id. Then, in December 2005, Petitioner appealed the denial of his Post Conviction Relief Application. The Rhode Island Supreme Court denied his appeal on February 4, 2008, noting that the Superior Court did not err in refusing to hear Petitioner's ineffective assistance of counsel claims and that the evidence Petitioner sought to introduce (the fact that he underwent a vasectomy shortly before the alleged molestation) was not "newly discovered." See Willis v. Wall, 941 A.2d 163, 164 (R.I. 2008). This Petition followed on June 30, 2008.

Petitioner improperly names the Bristol County Sheriff's Office and Sheriff Thomas Hodgson as Respondents in this habeas case. Although Petitioner is currently in custody at the Bristol County House of Corrections, he is not presently in custody pursuant to the Rhode Island child molestation convictions challenged in this case. On September 17, 2008, this Court issued an Order to Show Cause (Document No. 8) as to why this case should not be transferred to the District of Massachusetts since Petitioner is confined in Massachusetts. See Vasquez v. Reno, 233 F.3d 688, 690 (1st Cir. 2000) (since a habeas corpus petition is properly brought against the custodian (i.e., warden or jailer) of a petitioner, the reviewing court must have personal jurisdiction over such

person).  In response, the State argued against transfer "because [Petitioner] is challenging the non-physical 'custody' that the State of Rhode Island has of him by virtue of the probationary sentences that he is serving for his two Rhode Island convictions for second degree child molestation."  See Document No. 9 at p. 1.  The State previously represented, "on information and belief, [Petitioner] is incarcerated in Massachusetts while awaiting trial on two unrelated counts of rape of a child."  Document No. 4 at p. 7.  Although Petitioner did not respond to the Order to Show Cause or the State's Response, he does not request release from custody in his request for relief.  Document No. 1 at p. 15.  Rather, he sought only a reversal, expungement, monetary damages and an apology.  Id.  This is consistent with the State's representation as to the nature of this Petition and Petitioner's current status in Massachusetts.  Thus, the Petition will not be transferred and will be deemed as one properly directed at the State of Rhode Island and not Petitioner's present custodian, and the State of Rhode Island is substituted for the named Respondents.

    **A.**    **Petitioner's Claim is Time-barred**

The Antiterrorism and Effective Death Penalty Act provides for a one-year statute of limitations for petitions filed under 28 U.S.C. § 2254.  In Petitioner's case, the statute of limitations runs from "the date on which the judgment [of conviction] became final by the conclusion of direct review or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(l)(A).  The one-year limitations period is tolled during the time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending...."  28 U.S.C. § 2244(d)(2).  See Neverson v. Bissonnette, 261 F.3d 120, 125 (1st Cir. 2001).

In analyzing the statute of limitations claim, it is necessary to determine the date on which the statute of limitations began to run with respect to Petitioner's habeas claim, the date on which

the limitations period expired and whether there was any tolling of the limitations period in the interim.

Petitioner plead nolo contendere on October 30, 2002. By entering a plea of nolo contendere, Petitioner waived his appeal rights, and his conviction became final on that day. See, e.g., State v. Keohane, 814 A.2d 327, 329 (R.I. 2003). Petitioner filed his Post Conviction Relief Application on June 17, 2003, 231 days after his conviction became final. Pursuant to 28 U.S.C. § 2244(d)(2), the time during which a properly-filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations. Accordingly, commencing on June 17, 2003, the limitations period was tolled while his Post Conviction Relief Application was pending in the Superior Court. Even assuming, arguendo, that the limitations period was tolled until the Rhode Island Supreme Court denied his appeal, the one-year limitations period expired before Petitioner filed this action under 28 U.S.C. § 2254. Petitioner's appeal was denied on February 4, 2008 and this action was placed in the prison mailing system on June 30, 2008. Thus, a total of 148 days elapsed. See Lawrence v. Florida, 549 U.S. 327, (2007) (one-year statute of limitations for seeking federal habeas relief from a state court conviction is not tolled during the ninety-day period for filing a petition for certiorari from the U.S. Supreme Court). Even with the most generous calculation of the limitations period, a total of 379 days expired. Accordingly, this Court concludes Petitioner's claim is time-barred under 28 U.S.C. § 2244.

**B.     Petitioner's Claim is not Exhausted**

Moreover, there is a second, independent reason that the Petition should be denied. Petitioner failed to exhaust his state court remedies pursuant to 28 U.S.C. § 2254(b)(1)(A). Section 2254(b)(1)(A), 28 United States Code, provides that "[a]n application for a writ of habeas corpus

on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the Courts of the State...." In the present case, Petitioner never properly presented his ineffective assistance of counsel claims to the Rhode Island Supreme Court. Because Petitioner did not "present the federal claim fairly and recognizably to the state courts" his ineffective assistance of counsel claim is unexhausted. See Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007). The procedural history of Petitioner's state court proceedings is complicated, to say the least. It is clear, however, that Petitioner unsuccessfully pursued an ineffective assistance claim before the Superior Court several months after his nolo plea and failed to file a timely appeal to the Supreme Court. See Willis v. Wall, 941 A.2d at 164-165. Thus, he did not adequately exhaust available state remedies. Moreover, on his later appeal, Petitioner conceded that the evidence he sought to submit was known to him at the time of his trial and thus was not "newly discovered." Accordingly, the Rhode Island Supreme Court rejected his "newly discovered" evidence claim and declined to consider the merits of his previously dismissed and unappealed ineffective assistance claim. Therefore, his Petition alleging ineffective assistance of counsel is unexhausted and must be dismissed.

**Conclusion**

For the foregoing reasons, I recommend that the State's Motion to Dismiss (Document No. 4) be GRANTED and the Petition (Document No. 1) be DENIED and DISMISSED. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt. See Fed. R. Civ. P. 72(b); LR Cv 72. Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
December 4, 2008